UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS WEIR,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>MONTEFIORE MEDICAL CENTER, ALBERT EINSTEIN COLLEGE OF MEDICINE, and YESHIVA UNIVERSITY,<br><br>                              Defendants. | 16 Civ. 9846 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On January 17, 2023, Plaintiff filed a Rule 60(b) motion in this case, styled as a proposed order to show cause. (Dkt. #53). Plaintiff attached an affidavit to this proposed order, discussing various grounds for reopening this action based on, *inter alia*, "extrinsic fraud" (*id.* ¶¶ 20-34), "fraud on the Court" (*id.* ¶¶ 35-39), and "plain error fraud" (*id.* ¶¶ 40-43). Plaintiff's affidavit discusses the procedural history of this case, including this Court's February 22, 2018 Opinion and Order dismissing this case (Dkt. #35) and the Second Circuit's dismissal of Plaintiff's appeal (Dkt. #45), as well as the history of Plaintiff's related state court proceedings (Dkt. #53 ¶¶ 7-15). The Court has carefully reviewed the 23 exhibits Plaintiff attached to his proposed order to show cause, and denies Plaintiff's motion for the reasons discussed in the remainder of this Order.

Under Rule 60(b), a court

> may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or

> excusable neglect; (ii) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (iv) the judgment is void; (v) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (vi) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am.* v. *Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).  Moreover, Rule 60(b)(6) relief "is only available if Rules 60(b)(1) through (5) do not apply." *ISC Holding AG* v. *Nobel Biocare Finance AG*, 688 F.3d 98, 109 (2d Cir. 2012).  "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming* v. *N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).  A Rule 60(b)(3) movant "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Trust Co.* v. *Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (citation omitted).  Additionally, any motion made under Rule 60(b) must be brought within a "reasonable time," and motions under Rule 60(b)(1), (2), and (3) must be brought no more than one year after the entry of the judgment.  Fed. R. Civ. P. 60(c).

As an initial matter, Plaintiff's motion under Rule 60(b) is untimely.  Although Plaintiff is somewhat ambiguous as to what subsection of Rule 60(b)

applies here, Plaintiff's motion sounds in either fraud or mistake, under Rule 60(b)(3) or 60(b)(1), respectively.  (*See, e.g.*, Dkt. #53 ¶¶ 24 ("Ms. Taiwo also intentionally or negligently deceived the Court[.]"), 39 ("Defendants' attorneys … deceived the Court during the May 4, 2017 conference[.]"), 43 ("One notable plain error occurred when the Court misread or misinterpreted the timeline when Plaintiff initially engaged in protected activity[.]")).  The Court entered judgment in this case on February 22, 2018.  (Dkt. #35).  Plaintiff brought this motion under Rule 60(b)(1) and 60(b)(3) nearly five years after the Court's judgment dismissing the case, making this motion patently untimely.

Beyond the timeliness issue, other than identifying certain statements made by Defendants during the Court's May 4, 2017 hearing and one alleged mistake by the Court regarding a timeline of protected activity, the great weight of Plaintiff's Rule 60(b) motion is concerned with Plaintiff's state court proceedings.  Although the Court has reviewed Plaintiff's allegations about these state court proceedings and Plaintiff's exhibits, these proceedings are simply beyond the purview of this Court.  *See, e.g., Pfotzer* v. *Amercoat Corp.*, 548 F.2d 51, 52 (2d Cir. 1977) ("Assuming *arguendo* that the pleadings can be interpreted as alleging some sort of fraud on a court by [defendant], we conclude that the fraud, if any, was on the [state court], not on the District Court."); *Wahmann* v. *Kaur*, No. 15 Civ. 4326 (MKB), 2016 WL 8711357, at *3 (E.D.N.Y. May 20, 2016) ("The fact that Plaintiff believes the underlying state-court judgments are fraudulent is not a basis for relief pursuant to Rule 60(b)(3).").

Accordingly, Plaintiff's Rule 60(b) motion (Dkt. #53) is DENIED. Although the Court is sympathetic to Plaintiff's concerns, this case has been closed for nearly five years, and the Court cannot afford Plaintiff any of the relief he seeks at this late stage. The Clerk of Court is directed to mail this Order to Plaintiff's address of record.

    SO ORDERED.

Dated:  February 2, 2023
         New York, New York

                              KATHERINE POLK FAILLA
                              United States District Judge